UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KENNETH McPEEK                                                            PLAINTIFF

v.                                           CIVIL ACTION NO. 3:05-CV813-S

JEROME G. BACH, et al.                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion to remand by the plaintiff and the motion for leave to file an amended removal petition by the defendants. For the reasons set forth below, the plaintiff's motion to remand will be held in abeyance and the defendants' motion for leave to file an amended removal petition will be granted.

The plaintiff has requested that this court remand the instant action to the Jefferson Circuit Court, arguing that the defendants' removal petition, based on diversity of citizenship, was defective. The defendants' failed to allege the principal place of business for one of the parties, Select Stable, Inc. A corporation may have two states of citizenship, the place of incorporation and the principal place of business. In the case at bar, the plaintiff, Kenneth McPeek, is a Kentucky resident while the defendants Jerome and Feye Bach are Ohio residents. Select Stables, another defendant, is a corporation that the defendants alleged to be a resident and citizen of Ohio. However, the removal petition was silent as to its alleged principal place of business.

The defendants acknowledge that they should have identified the principal place of business, but maintain that the failure to do so does not support the plaintiff's motion to remand. The defendants have responded with a motion for leave to file an amended removal petition. The Sixth Circuit has held that a party may cure defects with regard to allegations of diversity of citizenship in removal

1

petitions. *See Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 969 (6th Cir. 1993). Quoting *Gafford v. General Electric Co.*, 997 F.2d 150, 164 (6th Cir.1993), the court explained the rationale as such: "[b]etter if the jurisdiction in fact exists, to permit the petition for removal to be amended to reflect it." *Tech Hills*, 5 F.3d at 963. In *Gafford*, the defendant's removal petition was also defective in that it failed to allege the defendant corporation's principal place of business. After the removal period expired,[1] the defendant produced evidence of its principal place of business, which did not destroy diversity. The *Gafford* court allowed the amended removal petition, reasoning that "amendments should be permitted . . . where the jurisdictional facts do indeed exist . . . ." *Gafford*, 997 F.2d at 164. Thus, we will grant the defendants leave to amend their removal petition and the amended petition will be entered into the record.

There is a factual dispute, however, regarding whether the jurisdictional facts do indeed exist in the case at bar. The defendants have tendered an affidavit by the Secretary of Select Stables indicating that Ohio is the corporation's principal place of business, that it maintains all records in Ohio and that the situs of the corporate decision-making authority is in Ohio. Defendants' Reply (DN 9), Affidavit of Jerome Bach. The plaintiff, on the other hand, maintains that Select Stables principally conducts its business in Kentucky, where its horses are boarded, trained, and ultimately race. Plaintiff's Response and Reply (DN 12/13), p. * 2. The plaintiff has requested jurisdictional discovery for the limited purpose of identifying Select Stable's principal place of business. The defendants oppose the request, relying on *Gafford*. In *Gafford*, the location of defendant General Electric's (GE) principal place of business was at issue. After conducting a hearing on the matter and also relying on an affidavit from a GE official, the *Gafford* court determined GE's principal place of business was in New York where it maintained all records and from where it primarily dispersed its operations.

---

[1] In the case at bar, the defendants provided the additional allegations *before* the time to file the removal petition had expired.

Determining the principal place of business, however, is a very fact specific inquiry. *See Gafford*, 997 F.2d at 161 (citations omitted) ("The question of a corporation's principal place of business is essentially one of fact, to be determined on a case-by-case basis, taking into account such factors as the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations."). GE, a huge corporation with offices nationwide is quite different than the corporation in the instant case. It appears Select Stables is a small corporation, with few employees doing business in two states. The court simply has insufficient evidence before it to determine the principal place of business. Therefore, we will grant the plaintiff's request for jurisdictional discovery.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The defendants' motion for leave to file an amended removal petition (DN 7) is **GRANTED** and the clerk is directed to enter the tendered petition**;**

2. The plaintiff's request for jurisdictional discovery is **GRANTED**. The parties have **30 days from the date of this order in which to conduct this limited discovery**, which is confined to the issue of identifying Select Stables' principal place of business. The parties have **7 days thereafter to supplement their briefs** on this particular issue; and

3. The plaintiff's motion to remand (DN 5) will be **held in abeyance** until the filing of the supplemental briefs.

**IT IS SO ORDERED** this

cc: Counsel of Record